**STEVES SASH & DOOR COMPANY, Appellant,**

v.

**WBH INTERNATIONAL, Appellee.**

**No. 16005.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 6, 1978.

Charles J. Muller, III, San Antonio, for appellant.

Marvin Champlin, Law, Snakard, Brown & Gambill, Fort Worth, for appellee.

## OPINION

CADENA, Chief Justice.

Plaintiff, Steves Sash & Door Company, appeals from an order of the district court sustaining the plea of privilege filed by defendant WBH International, a corporation, and one of three defendants below. Pleas of privilege filed by the other two defendants in the case were also sustained, but plaintiff does not here complain of the action of the trial court relating to such other defendants.

Plaintiff's suit is cast in the form of a suit on a sworn account for goods and services rendered to WBH International, hereafter referred to as "defendant." Defendant filed its plea of privilege and a verified denial. Plaintiff, in its controverting plea, claimed that the suit was properly filed in Bexar County under Subdivision 23 of Article 1995, Texas Revised Civil Statutes Annotated. Insofar as this case is concerned, it may be rather broadly stated that Subdivision 23 permits a suit against a corporation to be filed in the county in which the cause of action or part thereof arose. A plaintiff who relies on Subdivision 23 to defeat a defendant's claim of privilege must allege and prove, by a preponderance of the evidence, facts establishing all the elements of his cause of action against such defendant. *See Employers Casualty Co. v. Clark,* 491 S.W.2d 661, 662 (Tex.1973); 1 R. McDonald, Texas Civil Procedure § 4.30.2, at 518 (rev. 1965). Where the cause of action is a suit on a sworn account, such plaintiff must plead and prove (1) the specific character and number of the goods involved; (2) the sale of each item and the amount and date thereof; (3) the terms and conditions of the various sales; (4) the date of delivery of each item; (5) the justness of the account, that is, that the prices charged were in accordance with the agreement of the parties or were the reasonable and customary charges for such goods; and (6) the amount due and unpaid. *See Blue Bell, Inc. v. Isbell,* 545 S.W.2d 563, 565 (Tex.Civ.App. —El Paso 1976, no writ); *Vahlsing Christina Corp. v. Ryman Well Service, Inc.,* 512 S.W.2d 803, 809 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Hilton v. Musebeck Shoe Co.,* 505 S.W.2d 341, 343 (Tex.Civ.App. —Austin 1974, writ ref'd, n. r. e.); *Dockrey v. Higginbotham Bartlett Co.,* 493 S.W.2d 254, 255 (Tex.Civ.App.—Eastland 1973, no writ); *Brooks v. Eaton Yale and Towne, Inc.,* 474 S.W.2d 321, 322 (Tex.Civ.App.— Waco 1971, no writ); *California Chemical Co. v. Sasser,* 423 S.W.2d 347, 348 (Tex.Civ. App.—Corpus Christi 1967, no writ); *Bosco Bolt, Nut, Screw Co. v. Mercer Construction Co.,* 412 S.W.2d 322, 325 (Tex.Civ.App.— Corpus Christi 1967, no writ); *Opryshek v. McKesson & Robbins, Inc.,* 367 S.W.2d 357, 359 (Tex.Civ.App.—Dallas 1963, no writ).

Plaintiff's petition alleges that the suit is founded upon claims "pursuant to an open account for goods, wares, merchandise and a liquidated money demand" resulting from dealings between the parties "for materials furnished on which a systematic record was kept." This pleading further alleges that on or about the various dates shown on the verified itemized statement of the account attached to the petition, plaintiff sold and delivered to defendant all of the various items shown on such statement. Plaintiff also alleges that defendant agreed to pay the prices charged as set out in the attached account and that such charges were reasonable. Attached to the petition was a "state-

ment of account" which consisted of a listing of eight unpaid invoices with the dollar amount of each invoice shown. The attached invoices contain descriptions of the goods consisting of abbreviations and symbols. Examples of the entries are: "Back Ordered from S.O. # 373 Invoice # 9672, dated 8–30–77"; "FD ⅜ × ⅝ × 1¼ LH HW 6 F15 D9 Line Item # 38, Reg. No. CH–S60–09–0066"; and "⅜ × ⅝ × 1⅜ UC RH HW5 F14 D4." Plaintiff's comptroller was the only witness who testified at the hearing. He identified plaintiff's exhibits 1 and 2, which were received in evidence, as plaintiff's ledger sheets and invoices. The evidence, perhaps, supports the conclusion that such exhibits were business records in the custody of the comptroller.

 Article 3737e permits the introduction of business records as an exception to the hearsay rule. Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1978–1979). The statute makes a memorandum or record of an act, event, or condition competent evidence of the occurrence of such act, event, or condition when the identity and mode of preparation of the memorandum are established as provided in the statute. Among the things which must be shown by the party offering the record are that "[i]t was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such a memorandum or record or to transmit information thereof to be included in such a memorandum or record." *Id.* at § 1(b). In *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298, 305 (Tex. 1962), the Supreme Court required that "[s]ome employee or representative who either made the record or transmitted the information to another to record must have had *personal knowledge* of the act, event or condition in order for such record to be admissible under the business records exception to the hearsay rule." (Emphasis original). Where this requirement is not met, the records are not admissible. *See Hanson Southwest Corp. v. Dal-Mac Construction Co.*, 554 S.W.2d 712 (Tex.Civ.App. —Dallas 1977, writ ref'd, n. r. e.); *Cooper Petroleum Co. v. LaGloria Oil and Gas Co.*, 436 S.W.2d 889, 891 (Tex.1969). Here, there is no evidence indicating that it was the regular course of plaintiff's business for one or more employees who had personal knowledge of the act, event or condition to transmit such information for inclusion in the ledger sheets or invoices.

The ledger sheets and invoices were clearly inadmissible because of plaintiff's failure to lay the required statutory predicate. The fact that defendant failed to object is irrelevant. Absent the required showing, the exhibits were clearly hearsay and lacking in probative force. Such exhibits were insufficient to establish even a prima facie case and, in the absence of other testimony tending to establish the elements of plaintiff's cause of action, the trial court properly sustained defendant's plea of privilege.

 In any event, the ruling of the trial court was correct. There is no evidence in the record which explains the symbols and abbreviations used in the ledger sheets and invoices. The exhibits attached to plaintiff's petition, including the ledger sheets and invoices, are not sufficient to establish that the systematic record required by Rule 185 has been kept so as to constitute prima facie evidence of the debt. Tex.R.Civ.P. The account, ledger sheets, and invoices fail to show with reasonable certainty the nature of each item, the date and the charge therefor. *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.2d 168, 169–70 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

The judgment of the trial court is affirmed.