Roy POWERS, Appellant,

v.

WALSH ENGINEERING, INC., Appellee.

No. 01–82–0728–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1983.

William G. Neumann, Jr., Houston, for appellant.

Glenn M. Chaney, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This suit results from the abandonment of a project to develop a residential subdivision. The principal issue on appeal relates to the jury's award of damages.

Walsh Engineering, Inc., a civil engineering firm, brought this suit against Roy Powers, a real estate developer, alleging breach of contract, an action on sworn account, and also seeking recovery in *quantum meruit*. Powers counterclaimed, alleging that Walsh Engineering had breached the contract and that it was also guilty of deceptive trade practices and usury. The trial court entered judgment on the jury's verdict, awarding Walsh Engineering $16,995 as damages owed to it under the contract and $11,200 as attorney's fees. The court denied Powers' request for relief on the counterclaim.

The contract, executed on January 11, 1978, called for Walsh Engineering to perform certain preliminary surveying and engineering work on the project, and then to provide final plans and assistance in the design and construction phases of the work. Under the terms of the contract, Walsh Engineering was to be paid a total sum of $20,000 for the work, and the contract provided that if Powers abandoned the project prior to completion, Walsh Engineering was to be paid for work performed on a "per diem" basis. Walsh Engineering completed all work called for in the preliminary phase of the contract, except the preparation of a final plat acceptable to the City of Pearland. When that acceptance was not forthcoming, work ceased on the project and the project was eventually abandoned.

At trial, the principal issue in dispute was which of the two parties had caused the abandonment of the project.

The record shows that tests were made of sewer lines placed on the property by a previous owner and that such tests indicated some of these lines were substandard. At trial, it was the position of Walsh Engineering that Powers had been advised of the defective nature of the sewer pipes and that the project was abandoned because of his inability or unwillingness to decide whether he wanted to repair or replace the defective pipe sections. Powers contended, on the other hand, that he was advised by Walsh Engineering that the City had approved the final plat and that, on the basis of such assurances, he had begun street construction. He claims that he was surprised when he received a letter from the City informing him that the final plat had not been approved and that he must cease working on the streets.

In response to special issues, the jury found that Walsh Engineering had failed to obtain the City's approval of the final plat, but it also found that such failure was due to Powers having abandoned the project prior to completion. On the related damage issue, the jury found that Powers was "indebted to the plaintiff" in the amount of $16,995. All other relevant issues were answered in favor of Walsh Engineering and the jury's findings on those issues need not be discussed.

In his first four points of error Powers challenges the legal and factual sufficiency of the evidence to support the jury's finding on the damage issue. As stated above, the contract provided that if Powers abandoned the project prior to completion, Walsh Engineering would be entitled to recover the cost of the work performed, computed on a per diem basis. The contract referred to certain attached schedules for the agreed per diem charges, but those schedules were not introduced into evidence and no evidence was offered showing what

per diem charges the parties had agreed upon. William Walsh testified that the phrase "per diem" meant hourly charges for work performed, but since there was no proof of any agreed rate for hourly charges, Walsh was entitled only to recover the reasonable value of services actually rendered under the theory of *quantum meruit*. *Colbert v. Dallas Joint Stock Land Bank of Dallas*, 129 Tex. 235, 102 S.W.2d 1031 (1937); *Ryan v. Thurmond*, 481 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). *See also, Horizon Properties Corporation v. Martinez*, 513 S.W. 264 (Tex. Civ.App.—El Paso 1974, writ ref'd n.r.e.); *Parks v. Kelley*, 126 S.W.2d 534 (Tex.Civ. App.—Amarillo 1939, no writ).

■ Even assuming an agreed rate of compensation on a per diem basis, Walsh Engineering failed to offer any competent proof that would support a recovery of contract damages. Walsh Engineering did offer in evidence seven separate invoices totalling $16,995, but all except one of these invoices were admitted over Powers' objection that the proper predicate had not been laid under the provisions of Tex.Rev.Civ. Stat.Ann. art. 3737e (Vernon Supp.1982). Walsh Engineering concedes that the requirements of the statutes were not met with respect to six of these invoices, but it contends that the jury's finding can be supported on the basis of one invoice, plaintiff's exhibit 2, which was admitted without objection. Plaintiff's exhibit 2 was a formal demand letter from Walsh Engineering to Powers, to which was attached a copy of an invoice dated November 10, 1978. That invoice merely recited that it was a charge for "professional services rendered" in the preliminary design phase of the subdivision and that the total amount due to that date was $16,853.

We need not consider whether this invoice should be given general probative value, or merely considered as an attachment to the demand letter, evidencing the plaintiff's claim. Even though no objection was leveled at the document at the time of its admission, it had no probative value of the facts recited on its face because it was merely a summary of other records which were not in evidence, and it was not shown to be admissible under any exception to the hearsay rule. *See, Black Lake Pipe Line Co. v. Union Const. Co.*, 538 S.W.2d 80 (Tex.1976); *Steves Sash & Door Co. v. WBH International*, 575 S.W.2d 355 (Tex. Civ.App.—San Antonio 1978, no writ.)

■ The bookkeeper for Walsh Engineering did testify that the "total amount unpaid and owing" from Powers as of time of trial was $16,995. However, the record clearly shows that her testimony was based upon the data contained in the invoices which, we hold, were never properly authenticated as business records. *Hallmark Builders v. Anthony*, 547 S.W.2d 681 (Tex. Civ.App.—Amarillo 1977, no writ.)

For the reasons stated, we sustain Powers' points of error one through nine, and this ruling requires that the trial court's judgment be reversed as hereinbelow ordered.

In two final points of error, ten and eleven, Powers contends that the trial court erred in refusing to submit issues on his claim of usury. We overrule these contentions.

■ The contract provided that payment was due Walsh Engineering thirty (30) days after approval of the final plat, and that if not paid at that time, interest would be charged at "prime plus two percent (2%)." Walsh Engineering offered some testimony indicating that in November, 1978, the prime rate was 10.94%, but there was no evidence showing the prime rate on the date the contract was executed. We do not perceive any basis for concluding that interest was charged, received, or contracted for, in violation of the usury statute in effect at the time the parties entered into their transaction. Tex.Rev.Civ.Stat.Ann. art. 5069–1.04 (Vernon 1968).

Having decided that the judgment must be reversed, we next determine whether the judgment should be rendered for the appellant Powers, or remanded for a new trial. Tex.R.Civ.P. 434. No complaint has been made on this appeal with respect to the

jury's finding on the issue of liability, and Powers does not contest the fact that Walsh Engineering did perform some work pursuant to the contract for which it was never compensated. We conclude, therefore, that the cause should be remanded for a new trial, in the interest of justice, for the limited purpose of allowing Walsh Engineering to establish its claim of damages by competent evidence. Rule 434; *Missouri Pacific Railroad Co. v. John Jancik Produce,* 396 S.W.2d 427, 430 (Tex.Civ.App.—Corpus Christi 1965, no writ).

The judgment of the trial court is reversed, and the cause is remanded for a new trial for the limited purpose of determining the appellee's claim for damages; otherwise, the judgment is affirmed.