James M. EDMONDSON, Jr. and
Barbara Ann Edmondson,
Appellants,

v.

The FIRST STATE BANK OF
MATHIS, Appellee.

No. 13-90-136-CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 24, 1991.

Publication Granted Nov. 14, 1991.

Hector Gonzalez, Alice, John C. Mullen, Asst. Atty. Gen., Austin, for appellants.

Lee Casstevens, and Gregory T. Perkes, Wood, Burney, Cohn & Bradley, Gary Norton, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

Before SEERDEN, KENNEDY and DORSEY, JJ.

OPINION

SEERDEN, Justice.

This is an appeal from a judgment rendered in favor of First State Bank of Mathis and against James M. Edmondson for

failure to repay a promissory note. By three points of error, appellant attacks the judgment based on the jury's findings. We affirm.

First State Bank of Mathis (hereinafter "the Bank") filed suit against the Edmondsons (appellants) seeking the sum of $164,158.51 plus interest and attorney fees as a result of Edmondson's failure to repay a debt pursuant to a promissory note. In the same suit, the Bank sought to foreclose a lien on certain real property in San Patricio County, Texas, which had been pledged as collateral on the indebtedness. Appellant counterclaimed for breach of the duty of good faith and fair dealing, violation of the Deceptive Trade Practices Act, usury, breach of fiduciary duty, fraud, and negligence. The jury rendered a verdict in favor of the Bank under all causes of action.

■ By his first point of error, appellant complains that he is entitled to judgment as a matter of law because, in answer to question number ten, the jury found that at the time of the execution of the promissory note in question, there was more than one prime rate at the Bank. Appellant argues in support of this point that appellee charged a usurious rate of interest by having more than one prime rate. However, appellant has cited no authority for this proposition. The jury question does not ask what the date of the multiple rates was, it does not ask which rate the indebtedness was subject to, and it does not ask what the intent of appellee was.

Usury is a matter of intention. *American Century Mortgage Investors v. Regional Ctr. Ltd.*, 529 S.W.2d 578, 583 (Tex. Civ.App.—Dallas 1975, writ ref'd n.r.e.). The note in the instant case contains a savings clause which demonstrates the intent of the Bank was not to charge a usurious amount of interest, and a savings provision to correct any inadvertent or unintentional charges. Such clauses are given effect. *Id.* at 584. Finally, there is no evidence and no jury question or finding concerning what the prime interest rate actually was at the time that the Bank charged more than one prime interest rate.

In the absence of such evidence, there is no basis for concluding that interest was charged, received, or contracted in violation of any statute in effect at the time of the transaction. *Powers v. Walsh Eng'g, Inc.*, 657 S.W.2d 12, 14 (Tex.App.—Houston [1st Dist.] 1983, no writ). We overrule this point of error.

■ By his second point of error, appellant complains that the jury finding in response to question six does not determine who is liable for the note in question. The question asked what sum of money, if any, do you find from a preponderance of the evidence is the unpaid balance of the promissory note referred to in question number one. The jury's response to question number one determined that appellant executed and delivered to the Bank a promissory note in the amount of $150,000.00. The jury further found that there was consideration for the note, and that appellant had defaulted on the note. Question number six specifically refers to the note referred to in question number one, and specifically refers to appellant. We find that the verdict supports an award against appellant. Accordingly, appellant's second point of error is overruled.

■ By its third point of error, appellant complains that the jury's response to question number nine is against the great weight and preponderance of the evidence. In response to that question, the jury found that appellant's wife, Barbara Ann Edmondson, was not required by the Bank under the Deed of Trust to obligate herself on the balance of the separate debt of her husband as a condition of obtaining a $55,000.00 Farmers Home Administration loan. In reviewing this point, we will consider and weigh all of the evidence and set aside the verdict only if the evidence is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1952). The evidence showed that Barbara Edmondson did not sign the promissory note in question, and no judgment was sought against her with regard to the sum that appellant owed the Bank. Appellant testified that he had

asked the Bank to consolidate all of his indebtedness into a single note. No evidence was introduced that showed that the Bank imposed any requirement or condition on Barbara Edmondson that she assume or pay any debt. This evidence is sufficient to support the jury's answer to question number nine. Appellants' third point of error is overruled, and the judgment of the trial court is affirmed.