IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-441-CV





SURFACE PREPARATION AND COATING ENTERPRISES, INC. 


D/B/A SPACE, INC., AND INTERNATIONAL FIDELITY INSURANCE CO.,



 APPELLANTS


vs.





SAFWAY SCAFFOLDS, INC.,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 494,756, HONORABLE JOSEPH H. HART, JUDGE



 





PER CURIAM



 Appellants Surface Preparation and Coating Enterprises, Inc. d/b/a Space, Inc.
("Space, Inc.") and International Fidelity Insurance Co. appeal from a summary judgment
rendered by the district court of Travis County in favor of appellee Safway Scaffolds, Inc. We
will reverse that portion of the summary judgment that awards exemplary damages and affirm the
remainder.

 Safway brought a suit on a sworn account to recover amounts due for materials and
services furnished Space, Inc. Tex. R. Civ. P. Ann. 185 (Supp. 1992). Safway sought recovery from International Fidelity as the surety on the bond Space, Inc., posted pursuant to Tex.
Rev. Civ. Stat. Ann. art. 5160 (1987 & Supp. 1992). Appellees answered with an unverified
denial. See Tex. R. Civ. P. Ann. 93(10), 185 (Supp. 1992).

 Thereafter, Safway served Space, Inc., with requests for admissions. These
admissions were deemed admitted when Space, Inc., did not respond. Tex. R. Civ. P. Ann. 169
(Supp. 1992). Safway then filed its motion for summary judgment asserting generally that no
genuine issue of material fact existed and that it had established its claims as a matter of law. 
Tex. R. Civ. P. Ann. 166a (Supp. 1992); Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548 (Tex. 1985). Appellants did not respond to the motion. The district court rendered
judgment against appellants, jointly and severally, for the amount of $37,603.65, plus interest,
attorney's fees, and costs. The court further ordered that Space, Inc., was liable for exemplary
damages in the amount of $30,000, pursuant to Tex. Prop. Code Ann. § 162.001-.033 (1984 &
Supp. 1992).

 In their first point of error, appellants contend that the trial court erred in granting
summary judgment because Safway failed to prove conclusively all essential elements of its cause
of action. A response in the trial court was not necessary for appellants to contend on appeal that
the grounds expressly presented in the motion for summary judgment are insufficient as a matter
of law to support summary judgment. Rule 166a(c); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678-79 (Tex. 1979); Fisher v. Capp, 597 S.W.2d 393, 397 (Tex. Civ. App.
1979, writ ref'd n.r.e.).

 Appellants specifically assert that Safway's motion and proof are insufficient
because Safway did not plead or prove an agreement to pay for certain goods or its entitlement
to the amount of interest claimed. See United Business Machs. v. Entertainment Mktg., Inc., 792
S.W.2d 262, 263-64 (Tex. App. 1990, no writ); Steves Sash & Door Co. v. WBH Int'l, 575
S.W.2d 355, 356 (Tex. Civ. App. 1978, no writ). In each of these cases, the defendant filed a
verified denial requiring the plaintiff to file legal and competent summary-judgment evidence to
establish the validity of the claim as a matter of law. Rizk v. Financial Guardian Ins. Agency,
Inc., 584 S.W.2d 860, 863 (Tex. 1979); United Business Machs., 792 S.W.2d at 263; Steves Sash
& Door, 575 S.W.2d at 356.

 Here, however, appellants did not file a verified denial. When a party fails to do
so, it may not deny the correctness of the stated charges. Vance v. Holloway, 689 S.W.2d 403,
404 (Tex. 1985); Airborne Freight Corp. v. CRB Mktg., Inc., 566 S.W.2d 573, 574 (Tex. 1978). 
Such a failure amounts to an admission that the account is correct; therefore, no issue of fact as
to the validity of the claim is presented. Reitmeyer v. Ferris Rental Center, Inc., 635 S.W.2d
189, 193 (Tex. App. 1982, writ dism'd); Brown v. Clark, 557 S.W.2d 558, 559-60 (Tex. Civ.
App. 1977, no writ). A trial court may then properly grant summary judgment when the only
supporting proof is the petitioner's sworn pleading originally raising the claim for the account. 
Enernational Corp. v. Exploitation Eng'rs, Inc., 705 S.W.2d 749, 750 (Tex. App. 1986, writ
ref'd n.r.e.); Brown, 557 S.W.2d at 560; see Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d
540, 543 n.1 (Tex. 1971).

 Under this point, appellants also assert that Safway was not entitled to summary
judgment as a matter of law because Safway's pleadings, exhibits, and affidavits raise a fact
question as to the correct party to the transaction. See Enernational Corp., 705 S.W.2d at 750
(if sworn account deficient, general denial is sufficient and sworn account does not support
summary judgment). The first amended original petition names "Safway Scaffolds" as plaintiff. 
The invoices attached to the petition and the motion for summary judgment show the company
name as "Safway." In sworn statements on account, Charles M. Jordan states that he is the
"Secretary/Treasurer of SAFWAY SCAFFOLDS EQUIPMENT AND SUPPLY." In an affidavit
attached to the motion for summary judgment, Jordan states that he is "the custodian of records
of SAFWAY SCAFFOLDS."

 A sworn account is not prima facie evidence of a debt between strangers to a
transaction. Airborne Freight Corp., 566 S.W.2d at 574; Lee v. McCormick, 647 S.W.2d 735,
738 (Tex. App. 1983, no writ); see Tex. R. Civ. P. Ann. 93(2) (Supp. 1992). Nevertheless, any
discrepancy here does not raise a fact issue. Safway's summary-judgment proof shows that the
fifteen pages of invoices were records Safway Scaffolds kept in the regular course of business and
that Space, Inc., owed Safway Scaffolds the amount of $37,603.65 as of June 30, 1990. 
Appellants did not controvert this proof by filing a response to the motion for summary judgment. 
The deemed admissions are further proof of the debt owed Safway Scaffolds. Wenco, Inc. v.
Nazario, 783 S.W.2d 663, 665 (Tex. App. 1989, no writ); Velchoff v. Campbell, 710 S.W.2d
613, 614 (Tex. App. 1986, no writ). Accordingly, we conclude that Safway established its right
to summary judgment as a matter of law and overrule point of error one.

 In their second point of error, appellants contend that the trial court erred in
granting summary judgment because Safway failed to prove conclusively all elements necessary
to recover under the payment bond. Appellants first assert that Safway did not prove the
underlying debt. We have addressed this argument under point of error one.

 Appellants next assert that Safway failed to prove by competent summary- judgment
evidence that it timely provided the notice required to perfect its right to recover under the bond. 
Tex. Rev. Civ. Stat. Ann. art. 5160(B)(a) (Supp. 1992). In its first amended original petition,
Safway averred that it had perfected its claim, pursuant to art. 5160, and given all required notices
and demands. Safway attached its sworn and dated statement of account as exhibit "c" to the
petition. Appellants answered, "Defendant International Fidelity Insurance Company admits it
issued a policy and/or acted as surety for defendant [Space, Inc.] but denies the remainder."

 Texas R. Civ. P. Ann. 54 (1979) provides that, when a party avers that it has
performed conditions precedent, the party must "prove only such of them as are specifically
denied by the opposite party." See BC & S Constr., Inc. v. Action Elec. Co., 753 S.W.2d 841,
842 (Tex. App. 1988, no writ). Appellants' denial, quoted above, was not sufficiently specific
to require Safway to offer proof that it gave notice timely. Dairyland County Mut. Ins. Co. v.
Roman, 498 S.W.2d 154, 158-59 (Tex. 1973); Kartalis v. Lakeland Plaza Joint Venture, 784
S.W.2d 64, 67 (Tex. App. 1989, writ denied); Hill v. Thompson & Knight, 756 S.W.2d 824, 826
(Tex. App. 1988, no writ). We overrule point of error two.

 In point of error three, Space, Inc., contends that the trial court erred in granting
summary judgment because Safway did not prove its claim based on Tex. Prop. Code Ann. 
§§ 162.001-.033 (1984 & Supp. 1992) as a matter of law. The statute provides that construction
payments are trust funds; that a contractor or subcontractor who receives or has control of such
funds is a trustee; and that a subcontractor or materialman who furnishes labor or material for the
construction or repair of an improvement on specific real property is a beneficiary. Property
Code §§ 162.001(a),.002,.003 (1984). See generally RepublicBank Dallas, N.A. v. Interkal, Inc.,
691 S.W.2d 605, 607 (Tex. 1984).

 By its first amended original petition, Safway sought exemplary damages of
$30,000 for Space, Inc.'s, misuse or other diversion of funds, pursuant to the Property Code. 
The motion for summary judgment, however, requests judgment only on the debt owed Safway. 
As summary-judgment proof, the motion does refer to deemed admissions by which Space, Inc.,
admits it "violated the trust fund act for construction projects."

 As a matter of law, a trial court may not grant summary judgment on a cause of
action not addressed in a summary-judgment proceeding. Rule 166a(c); Chessher v. Southwestern
Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983); Johnson v. Rollen, 818 S.W.2d 180, 183 (Tex.
App. 1991, writ denied); Dillard v. NCNB Tx. Nat'l Bank, 815 S.W.2d 356, 358-58 (Tex. App.
1991, no writ). A movant must establish entitlement to a summary judgment "on the issues
expressly presented to the trial court." Clear Creek Basin Auth., 589 S.W.2d at 678.

 We conclude that the motion for summary judgment did not expressly present to
the trial court Safway's claim for exemplary damages based on a breach of the duties and
responsibilities as a trustee of construction funds. The motion presented only the claim for the
amount of the debt owed. Accordingly, we sustain point of error three.

 In its fourth point of error, Space, Inc., complains of the award of exemplary
damages for the violation of the Property Code provisions. Because we determine that the claim
was not before the trial court on motion for summary judgment, we do not address point of error
four.

 The portion of the judgment that awards Safway Scaffolds exemplary damages in
the amount of $30,000 for Space, Inc.'s, failure to comply with provisions of the Property Code
is hereby reversed and that portion of the cause remanded to the trial court for further
proceedings. The remainder of the judgment is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Remanded in Part; Affirmed in Part

Filed: August 12, 1992

[Do Not Publish]