

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00118-CV

**MELVIN CARTER AND SHARON CARTER,**

                                                                **Appellants**

 **v.**

**ENNIS PAINT, INC.,**

                                                                **Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 83444

## MEMORANDUM  OPINION

Ennis Paint, Inc. sued Melvin and Sharon Carter on a promissory note in the principal sum of $1,953,000.  The Carters counterclaimed for usury.  Both sides moved for summary judgment on their respective claims, and Ennis Paint also moved for summary judgment on the Carters' usury counterclaim.  The trial court denied the Carters' motion, finding that the note is not usurious, and granted in part Ennis Paint's amended motion, finding the Carters liable on the note and deferring for trial the amount, if any, owed on the note and attorney's fees.

After a bench trial, the trial court awarded Ennis Paint $517,058.63 in actual damages plus attorney's fees and expert's fees and expenses.  In their sole issue, the Carters assert that the trial court erred in denying their summary-judgment motion on their usury counterclaim.

We review a trial court's summary judgment de novo.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  When both sides move for summary judgment and the trial court grants one motion but denies the other, the appellate court reviews the summary-judgment evidence presented by both sides, determines all questions presented, and renders the judgment the trial court should have rendered. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

The elements of the Carters' usury claim are:  (1) Ennis Paint loaned money to the Carters; (2) the Carters had an absolute obligation to repay the principal; and (3) Ennis Paint *contracted for*, charged, or received interest exceeding the maximum amount allowed by law.  *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994); *Anglo-Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 96 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

The $1,953,000 note states that the Carters, "being the sole owners of [Ameriseal], which has received goods and credit from [Ennis Paint], have benefited from such goods and credit, … ."  And the Carters admitted in response to a request for admission that, before executing the note, they, "in their capacity as sole owners of Ameriseal, received goods and credit from Ennis and benefitted from such goods and credit."  In their brief, the Carters state that Ameriseal was Ennis Paint's customer, its account with

Ennis Paint was in arrears, and the Carters executed the note for the arrearage.

The note provides for interest at a rate of 8.25% per annum, compounded annually from the date of the note, until an "Event of Default," and provides for monthly installment payments of accrued but unpaid interest beginning October 1, 2007. It provides for four principal payments as follows: $750,000 due on December 31, 2007; $400,000 due on June 30, 2008; $400,000 due on December 31, 2008; and $403,000 due on August 31, 2009.[1]

One of the events of default in the note is the Carters' failure to pay when due any principal or interest, and the note provides in part the following remedies upon default:

> Upon the occurrence of an Event of Default, (a) the outstanding principal balance of this Note and all accrued and unpaid interest thereon shall become immediately due and payable at the election of the Lender, and (b) to the extent permitted by law, the rate of interest on the outstanding principal balance of this Note shall be increased at Lender's discretion up to the lesser of (i) the maximum nonusurious rate of interest per annum permitted by whichever of applicable United States federal law or Texas law permits the higher interest rate, including to the extent permitted by applicable law, any amendments thereof hereafter or any new law hereafter coming into effect to the extent a higher maximum rate is permitted thereby, or (ii) **EIGHTEEN PERCENT (18.00%)** per annum (the "Default Rate"). To the extent permitted by law, a delinquency charge will be imposed in an amount not to exceed **FIVE PERCENT (5.00%)** of any payment that is more than **TEN (10)** days late. [Emphases in original.]

To determine whether a contract is usurious, courts consider the whole contract and begin with the presumption that the parties did not intend to make a usurious

---

[1] Ennis Paint asserts that the Carters failed to authenticate the note in their summary-judgment motion. Given our disposition, we assume without deciding that the copy of the note attached to the Carters' summary-judgment motion is a copy of the note that Ennis Paint authenticated in its summary-judgment motion.

contract. *Smart v. Tower Land & Inv. Co.,* 597 S.W.2d 333, 340-41 (Tex. 1980). *Anglo-Dutch Petroleum Int'l,* 193 S.W.3d at 96. The parties agree that the maximum lawful rate of interest is 18%.

The Carters first assert that the note "has no usury savings clause," but Ennis Paint points out that it has several: "to the extent permitted by law, the rate of interest on the outstanding principal balance of this Note shall be increased at Lender's discretion up to the <u>lesser</u> of (i) the maximum nonusurious rate of interest per annum permitted … ;" and "To the extent permitted by law, a delinquency charge will be imposed … ."

> All parts of a contract must be given effect, if possible. The law presumes that parties will contract so as to obey the law. *Nevels v. Harris,* 129 Tex. 190, 102 S.W.2d 1046, 1049-50 (1937). Savings clauses that remove the taint of usury are favored by the law and will be given effect if reasonably possible. *Woodcrest Associates., Ltd. v. Commonwealth Mortgage Corporation,* 775 S.W.2d 434, 437-38 (Tex. App.—Dallas 1989, writ den'd). The effect of savings clauses hinges on construction of the terms of the whole transaction in light of the surrounding circumstances. *Woodcrest Associates, Ltd. v. Commonwealth Mortgage Corporation,* supra at 438. Usury is a matter of intention, and a savings clause is evidence of an intent not to charge usurious interest. *Edmondson v. First State Bank of Mathis,* 819 S.W.2d 605 (Tex. App.—Corpus Christi 1991, no writ).

*Robert Joseph Phillips Living Trust v. Scurry,* 988 S.W.2d 418, 421 (Tex. App.—Eastland 1999, pet. denied). Therefore, as Ennis Paint notes, if application of the default rate would violate the usury laws, the terms of the note prohibit Ennis Paint from doing so.

The Carters also argue that, upon default, the note allows for 18% interest to accrue on a new principal consisting of the "original principal + capitalized interest," thereby implying that Ennis Paint could collect interest on interest, which would exceed

the maximum nonusurious interest rate. Ennis Paint, however, correctly points out that, upon default, "the rate of interest on the *outstanding principal balance* of this Note shall be increased at Lender's discretion … ." [Emphasis added.]

The ultimate legal question that was before the trial court and that is before us is whether Finance Code section 306.006(1) applies to the note's 5% delinquency charge. That section provides:

> In addition to the interest authorized by this chapter, the parties to a commercial loan may agree and stipulate for:
>
> (1) a delinquency charge on the amount of any installment or other amount in default for a period of not less than 10 days in an amount not to exceed five percent of the total amount of the installment; …

TEX. FIN. CODE ANN. § 306.006(1) (West 2006).

The Carters argue that section 306.006(1) does not apply and that the note's 5% delinquency charge is "interest," rendering a 23% interest rate. The Carters' specific argument is that section 306.006(1) applies only to "installment transactions" and that, upon default and acceleration of the principal, the note is no longer an installment transaction. But as Ennis Paint correctly notes, section 306.006(1), by its plain language, is not limited to allowing a "delinquency charge on the amount of any installment … in default;" it also provides for a 5% "delinquency charge on any … *other amount in default*… ." *Id.* (emphasis added). The Carters' construction of section 306.006(1) ignores the "other amount in default" language.[2] One rule of statutory construction is

---

[2] Moreover, if the delinquency charge were interest that rendered the note usurious, the note would not allow it to be imposed: "*To the extent permitted by law*, a delinquency charge will be imposed in an amount not to exceed **FIVE PERCENT (5.00%)** of any payment that is more than **TEN (10)** days late. [Emphasis in italics added; emphases in bold in original.]

to "give effect to all the words of a statute and not treat any statutory language as surplusage if possible." *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987).

Finally, under the Finance Code, the delinquency charge allowed by section 306.006(1) is not interest; the term interest "does not include compensation or other amounts that are determined or stated by this code or other applicable law not to constitute interest or that are permitted to be contracted for, charged, or received in addition to interest in connection with an extension of credit." TEX. FIN. CODE ANN. § 301.002(4) (West 2006).

Because the note is not usurious for the above reasons, the trial court correctly denied the Carters' motion for summary judgment on their counterclaim. We overrule the Carters' sole issue and affirm the trial court's judgment.


                                        REX D. DAVIS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Judge Pozza[3]
Affirmed
Opinion delivered and filed November 13, 2014
[CV06]



---

[3] The Honorable Karen H. Pozza, Judge of the 407th District Court, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.003(a) (West 2005).