**LOTEX TRADING CORPORATION,**
Appellant,

v.

**PAN AMERICAN PRODUCT
CORP., Appellee.**

No. A14–82–238CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 1983.

Mary Lee Brown, Patrick J. Dyer, Eugene Wilshire, Jr., Bonham, Carrington & Fox, Houston, for appellant.

Sanford W. Likover, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellee, plaintiff in the court below, Pan American Product Corporation, brought this action to recover $232,500.00 plus interest which it alleged was due for goods furnished to appellant, defendant Lotex Trading Corporation. Plaintiff's action was based on a sworn account. Tex.R. Civ.P. 185. Attached to plaintiff's petition was a one-page invoice which purported to state the goods which had been sold to defendant. Defendant did not file a sworn denial in the form required by Rule 185, but rather filed a general denial and special exceptions to plaintiff's sworn account pleadings. After hearing, the trial court granted plaintiff's motion for summary judgment.

Appellant raises two points of error on appeal, one of which is that the account is not sufficiently stated to constitute prima facie evidence of a sworn account under Rule 185 on which a summary judgment can be grounded. We agree, and the judgment of the trial court is reversed and remanded for a trial on the merits.

A sworn account under Rule 185 must, in order to sustain a summary judgment on the pleadings, show with reasonable certainty the nature of each item sold, the date of each sale and the charges therefor. *Haecker v. Santa Rosa Medical Center,* 609 S.W.2d 879 (Tex.Civ.App.—San Antonio 1981, no writ).

The invoice attached to appellee's First Amended Original Petition was dated June 1, 1981 and contained the following description: "To charge you for LLS barrels delivered to Shell/St. James in month of May, 1981, $232,500.00." No further proof was contained in the pleadings or in the summary judgment motion which would clarify with reasonable certainty the nature of the item sold, the dates of delivery and

charges therefor. We hold that the account is insufficient on its face to constitute a prima facie case for a sworn account, and therefore cannot support a summary judgment. Texas courts have consistently rejected the contention that technical, unexplained abbreviations and vague time periods are sufficient to identify items and terms in a sworn account. *Steves Sash and Door Company v. WBH International,* 575 S.W.2d 355 (Tex.Civ.App.—San Antonio 1978, no writ), and cases cited therein; *Haecker v. Santa Rosa Medical Center, supra.* The phraseology "LLS barrels" has no meaning in the English language, and the account contains no explanation of the meaning of this description. While it is possible that this language may have some meaning to members of the oil industry, the invoice does not reveal such a common understanding. *Hassler v. Texas Gypsum Company, Inc.,* 525 S.W.2d 53 (Tex.Civ.App. Dallas 1975, no writ).

Because appellee failed to establish a prima facie case by its pleadings, appellant's unsworn general denial was sufficient to put into issue all material facts alleged. The rendition of a summary judgment is therefore precluded. *Ward v. Johnston,* 593 S.W.2d 422 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970).

In view of our disposition of this matter, it is unnecessary to address appellant's other point of error alleging that it should be considered a stranger to the transaction because of a variance between appellant's corporate name in the invoice and that contained in the First Amended Original Petition.

The judgment of the trial court is reversed and the case remanded.