**ENERNATIONAL CORPORATION, Appellant,**

v.

**EXPLOITATION ENGINEERS, INC., Appellee.**

No. 01-85-0546-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

William E. Kendall, Barsalou & Associates, Houston, for appellant.

Barnet B. Skelton, Jr., Skelton & Skelton, Houston, for appellee.

Before SAM BASS, COHEN and HOYT, JJ.

## OPINION

HOYT, Justice.

The trial court granted summary judgment against the appellant, Enernational Corporation ("Enernational"), on a sworn account in the amount of $31,991.73, plus post-judgment interest, attorney's fees, and costs. Enernational filed a general denial and did not respond to the motion for summary judgment of the appellee, Exploitation Engineers, Inc. ("Exploitation"). We affirm.

In three points of error, Enernational contends that the trial court erred in granting the motion for summary judgment because the sworn account was deficient and did not constitute prima facie proof of the debt allegedly owed by it. This contention is premised on the notion that the invoices upon which the claim was based did not include the dates that the services were allegedly rendered nor state that Enernational was the party for which the services were rendered, and that its general denial was therefore sufficient to raise a fact issue. In its fourth and fifth points of error, Enernational contends that the trial court abused its discretion in denying Enernational's motion for new trial because Exploitation failed to meet its burden as a matter of law, and because the evidence on the motion for new trial established that Enernational's failure to file a response to the motion for summary judgment was not intentional or the result of conscious indifference on its part, but was due to accident or mistake.

When a nonmovant fails to file a required sworn written denial in a case on a sworn account, the movant is entitled to a summary judgment on the pleadings, because noncompliance with Tex.R.Civ.P. 185 conclusively establishes that there is no defense. *Special Marine Products, Inc. v. Weeks Welding & Construction, Inc.*, 625 S.W.2d 822, 825 (Tex.App.—Houston [14th Dist.] 1981, no writ). If, however, there is a deficiency in the movant's sworn account under rule 185, the sworn account does not constitute prima facie evidence of the debt. A general denial is sufficient to controvert the movant's case, and the sworn account will not support a summary judgment. *Lotex Trading Corp. v. Pan American Product Corp.*, 650 S.W.2d 475, 475–76 (Tex. App.—Houston [14th Dist.] 1983, no writ).

Under the version of rule 185 in effect prior to April 1, 1984, in order to sustain a summary judgment on the pleadings, the sworn account was required to "show with reasonable certainty the nature of each item sold, the date of each sale and the charges therefor." *Id.* at 475. Since *Lotex*, rule 185 was amended to make the requirement of particularity in component parts of an account a matter of pleadings. Tex.R.Civ.P. 185. The amended rule says, "No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings." *Id.*

Each of Exploitation's invoices is dated, and it appears that these dates were the dates the services were rendered. If Enernational had any question regarding the dates, it was required to file a special exception asking for particularity. In the absence of a special exception, we hold that the appellee's sworn account was not deficient for lack of specificity. Enernational's first point of error is overruled.

■ Enernational next contends that the invoices upon which Exploitation bases its claim do not name Enernational as the party for which the services were allegedly rendered. "[A] sworn account is not prima facie evidence of the debt as against a stranger to the transaction." *Airborne Freight Corp. v. CRB Marketing, Inc.*, 566 S.W.2d 573, 574 (Tex.1978). This exception to the rule 185 requirements of a sworn denial is applied where the movant's own pleadings and exhibits reflect that the nonmovant was not a party to the original transaction, *Jeff Robinson Building Co. v. Scott Floors, Inc.*, 630 S.W.2d 779, 781 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), or where the movant's pleadings and exhibits raise a fact question of whether the nonmovant was a party to the transaction. *Sundance Oil Co. v. Aztec Pipe & Supply Co.*, 576 S.W.2d 780, 780–81 (Tex.1978).

In *Sundance Oil Co.*, the Supreme Court found that a fact question was raised because the movant's invoice, which was a "joint interest statement," contained not only the name of the nonmovant, but also the name of another company. In the present case, each invoice is addressed to Enernational Corporation, but also contains the name of another company or person under the heading of "Project." We find that the information naming other companies is descriptive of the project and does not raise a fact question regarding which company was a party to the transaction. Enernational's second point of error is overruled.

Enernational's contentions, that its general denial was sufficient to raise a fact issue and that Exploitation failed to meet its burden of proof as a matter of law, are both dependent on a finding that Exploitation's sworn account was sufficiently deficient that a rule 185 denial was not required. These contentions are based upon the assumption that Exploitation's invoices raised a fact question as to which of the named parties the services were rendered or as to the dates the services were rendered. We overrule Enernational's third and fourth points of error.

■ Enernational's fifth and last contention is that its motion for new trial should have been granted because the evidence at the hearing established that its failure to file a response to Exploitation's motion for summary judgment was not intentional, or the result of conscious indifference on its part, but was due to accident or mistake. Enernational also argues that its motion for new trial set up a meritorious defense and that granting the motion would occasion no delay or otherwise work an injury to Exploitation.

Enernational's fifth point of error must be overruled for two reasons. First, the contention is based upon the requirements for granting a new trial after a default judgment. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). These requirements have no application to an appeal from the granting of a summary judgment. Enernational answered the lawsuit, but failed to respond to the motion for summary judgment. A summary judgment is not granted because a nonmovant fails to answer, but because the movant's summary judgment proof is sufficient as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

Enernational cites *Martin v. Allman*, 668 S.W.2d 795 (Tex.App.—Dallas 1984, no writ), in which the court of appeals found that the appellant was entitled to a new trial on a sworn account, because he had met the requirements of *Craddock*. *Martin* involved a default judgment for failure to appear when the case was called to trial, not a summary judgment trial.

Second, even if the requirements of *Craddock* were applicable, Enernational has not met them. The third requirement of *Craddock,* that the motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff, has been interpreted to mean that the party seeking the new trial must offer to pay the other party's reasonable expenses of obtaining the default judgment and also state that it is ready, willing, and able to go immediately to trial. *Stone Resources, Inc. v. Barnett,* 661 S.W.2d 148, 152 (Tex.App.—Houston [1st Dist.] 1983, no writ). Enernational has not done this; therefore, its fifth point of error is overruled.

Having overruled all of Enernational's points of error, we affirm the judgment of the trial court.