**Loc Thi NGUYEN, Appellant,**

v.

**SHORT, HOW, FRELS & HEITZ,
P.C., Appellee.**

No. 05-02-01225-CV.

Court of Appeals of Texas,
Dallas.

June 11, 2003.

John C. Tollefson, Goins, Underkofler, Crawford & Langdon, Dallas, for appellant.

William B. Short, Jr., Short, How, Frels & Heitz, Dallas, for appellee.

Before Justices WHITTINGTON, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion By Justice BARBARA ROSENBERG (Assigned).

In three issues, Loc Thi Nguyen challenges the summary judgment granted in favor of Short, How, Frels & Heitz, P.C. Rejecting Nguyen's arguments that she was not given proper notice of the summary judgment hearing, she was entitled to further discovery, and the law firm did not establish its entitlement to summary judgment, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2001, the law firm filed suit on a sworn account for attorney's fees against Nguyen. On June 29, 2001, Nguyen filed an unsworn answer consisting of a general denial and assertion of the affirmative defenses of fraud and misrepresentation. On October 15, 2001, the law firm filed its motion for summary judgment. Nguyen did not respond to the motion. On November 26, 2001, the master heard the motion and recommended it be granted. Nguyen timely filed a notice of appeal of the master's recommendation. In her notice of appeal, she asked "the Court to postpone granting" the law firm's motion. The motion for summary judgment was placed on the trial court's docket for the week of January 7, 2002, to be reviewed without oral argument. On May 9, 2002, the trial court entered an order granting summary judgment. Nguyen filed a motion for new trial, an amended motion for new trial, and a supplemental motion for

new trial. The trial court denied her amended and supplemental motions for new trial, and Nguyen appeals.

## NOTICE AND HEARING

■ In her first issue, Nguyen complains that she was not given proper notice of the summary judgment hearing and was denied a *de novo* hearing on the master's recommendation, thus entitling her to a new trial. The law firm responds that Nguyen did receive notice and obtained the proper review of the master's recommendation.

■ Lack of sufficient notice in a summary judgment proceeding is a nonjurisdictional defect. *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 627 (Tex. App.-Tyler 2001, no pet.). If a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance or raise the complaint of late notice in writing, supported by affidavit evidence, and raise the issue before the trial court during the summary judgment hearing. *Id.* The non-movant waives any objection to an untimely notice by failing to object. *Veal v. Veterans Life Ins. Co.*, 767 S.W.2d 892, 895 (Tex.App.-Texarkana 1989, no writ). To hold otherwise would allow a party who participated in the hearing to lie behind the log until after summary judgment is granted and then raise the complaint of late notice for the first time in a post-trial motion. *May*, 61 S.W.3d at 627. A party may preserve error in a post-trial motion only when the party is not given notice of the summary judgment hearing or the party is deprived of its right to seek leave to file additional affidavits or other written

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

response. *Id.* (citing *Nickerson v. E.I.L. Instruments, Inc.,* 817 S.W.2d 834, 836 (Tex.App.-Houston [1st Dist.] 1991, no writ)).

Here, Nguyen appeared at the hearing on the motion for summary judgment. She did not respond to the motion, nor did she object to the hearing before the master. She received notice that the trial court would review the findings of the master on Monday, January 7, 2002, without oral argument. She did not object to that submission. Her first complaint concerning notice of the hearing was contained in her affidavit attached to her amended motion for new trial. In that affidavit, she complained of a hearing on May 9 where the trial court entered the summary judgment order. The trial court noted that there was no motion for summary judgment hearing on May 9. The summary judgment was entered because the trial court had previously upheld the master's ruling. Accordingly, Nguyen had prior notice of the hearings involving the motion for summary judgment and failed to object to the notice as untimely before submission to the trial court. Therefore, she waived this complaint.

■ In the alternative, Nguyen's complaint is that, by appealing the master's recommendation, she could start over in the summary judgment process because she could obtain a hearing *de novo.* She wanted more discovery. However, her notice of appeal simply stated that she wanted to delay the entry of the judgment and that she did not have an attorney. She did not specifically object to any particular ruling. On appeal from a master's recommendation, the parties are entitled to a hearing before the judge of the referring court. Tex. Gov't Code Ann. § 54.514(a) (Vernon 1998). The statute does not provide for a specific type of hearing. *Id.* A motion for summary judgment is submit-

ted on written evidence with oral testimony prohibited. Tex.R. Civ. P. 166a(c). Thus, a hearing on motion for summary judgment is a review of the written motion, response, and attached evidence. *Id.*

■ Here, the judgment indicates that the trial court considered the motion and any response and heard argument of counsel. Because an appeal from a master's recommendation to grant a motion for summary judgment does not require evidence, additional argument is not required. *See id.* Moreover, on appeal, the dissatisfied party must specify the grounds on which it challenges the master's recommendation. *Young v. Young,* 854 S.W.2d 698, 701 (Tex.App.-Dallas 1993, writ denied); *McCrory & Co. v. Avery Mays Constr. Co.,* 690 S.W.2d 333, 334 (Tex. App.-Dallas 1985, writ ref'd n.r.e.). Nguyen did not specify any error in the granting of the motion but merely asked for the rejection of the recommendation. She stated she did not have an attorney and asked that entry of the judgment be postponed. Under the circumstances of this appeal of a master's recommendation, the review of the master's recommendation without further argument was proper.

Accordingly, we resolve Nguyen's first issue against her.

## DISCOVERY

■ In her second issue, Nguyen complains that she is entitled to a new trial because the law firm refused to provide her with discovery. However, when a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex.1996); *see* Tex. Rs. Civ. P. 166a(g), 251, 252. Nguyen failed to take either of these actions prior

to the entry of judgment. In fact, her requests for discovery were not served on the law firm until March 19, 2002, approximately three and one-half months after the master's recommendation and over two months after the summary judgment submission date. Accordingly, Nguyen waived her complaint. We resolve Nguyen's second issue against her.

## SUMMARY JUDGMENT

In her third issue, Nguyen complains that the law firm did not produce evidence necessary to obtain a favorable summary judgment.

The standards for review of a traditional summary judgment are well established: the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995) (per curiam); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A plaintiff must establish all elements of the cause of action as a matter of law. TEX.R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

The suit against Nguyen was for attorney's fees and was filed as a sworn account. To establish sufficient evidence to support a prima facie case in a suit on a sworn account, as well as summary disposition of the case, the movant must strictly adhere to the provisions outlined in the Texas Rules of Civil Procedure. *See Andrews v. E. Tex. Med. Ctr.-Athens*, 885 S.W.2d 264, 267 (Tex.App.-Tyler 1994, no writ). Rule 185, which sets forth the criteria for a suit on account, defines an open account to include "any claim ... for personal services rendered." TEX.R. CIV. P. 185. Under this rule, a plaintiff's petition on sworn account must contain a systematic, itemized statement of the services rendered, reveal offsets made to the account, and be supported by an affidavit stating the claim is within the affiant's knowledge and that it is "just and true." *Andrews*, 885 S.W.2d at 267. If there is a deficiency in the plaintiff's sworn account, the account will not constitute prima facie evidence of the debt. *See Enernational Corp. v. Exploitation Eng'rs, Inc.*, 705 S.W.2d 749, 750 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.). When a defendant fails to file a verified denial to a sworn account, the sworn account is received as prima facie evidence of the debt and the plaintiff as summary judgment movant is entitled to summary judgment on the pleadings. *See Andrews*, 885 S.W.2d at 267 (concluding that defendant who does not properly file written denial under oath will not be permitted to dispute receipt of services or correctness of charges of account); *Tex. Dep't of Corr. v. Sisters of St. Francis of St. Jude Hosp.*, 753 S.W.2d 523, 524 (Tex.App.-Houston [1st Dist.] 1988, no writ); *Enernational Corp.*, 705 S.W.2d at 750. In other words, a defendant's noncompliance with rule 185 conclusively establishes that there is no defense to the suit on the sworn account. *Enernational Corp.*, 705 S.W.2d at 750.

The law firm complied with rule 185 in filing the suit, and Nguyen did not file a verified denial to place any of the facts in dispute. Further, Nguyen did not file a response to the motion for summary judgment. Under these circumstances, the trial court did not err in granting the summary judgment. Accordingly, we resolve Nguyen's third issue against her.

## CONCLUSION

Having resolved Nguyen's three issues against her, we affirm the trial court's judgment.