In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-283 CV


____________________



BRUCE CLIFTON, Appellant



V.



AMERICAN EXPRESS CENTURION BANK, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 05-05-04597-CV






 MEMORANDUM OPINION


 This appeal arises from a post-answer default judgment against Bruce Clifton and in
favor of American Express Centurion Bank. We reverse and remand. 

 American Express sued Clifton for recovery of a debt. In its Petition on a Verified
Account, American Express alleged Clifton received a credit card from American Express,
made various charges, and had a past due account that remained unpaid despite American
Express's demands. American Express alleged that the net principal amount owed by Clifton
was $11,839.22, and it sought attorney's fees, prejudgment interest, and court costs. 
American Express attached an "Affidavit of Account" to its petition. 

 Clifton filed an unsworn general denial and failed to appear at trial. After American
Express's attorney announced ready, the trial court determined that Clifton was not present
and granted American Express's request for default judgment. (1) At trial, American Express
presented testimony only about attorney's fees. American Express's attorney testified that
$450.00 would be reasonable attorney's fees. But, American Express subsequently submitted
an affidavit alleging that $1,775.88 should be awarded as attorney's fees. Approximately two
weeks later, the trial court entered judgment in American Express's favor for the principal
amount of $11, 839.22 and attorney's fees of $1,775.88.

 Clifton raises seven appellate issues. He contends: (1) American Express failed to
state a claim upon which relief may be granted; (2) American Express failed to establish his
liability; ( 3) American Express failed to establish damages; (4) American Express failed to
establish attorney's fees; (5) the trial court signed a post answer default judgment in excess
of what the court awarded; (6) American Express deprived him of his due process rights; and
(7) the trial court erred because it did not grant his motion for new trial. We consider issues
two, three, and four as complaints about the sufficiency of the evidence on liability, damages,
and attorney's fees. See Tex. R. App. P. 38.1(e).

 In issue one, Clifton maintains that a suit for credit card debt cannot be brought under
Rule 185. Rule 185 applies to suits on sworn accounts, and authority exists to support
Clifton's position that credit card debt does not fall within Rule 185's scope. (2) Clifton,
however, did not raise this claim before the trial court and therefore has not preserved it for
our review. See Tex. R. App. P. 33.1(a). 

 Therefore, assuming that a suit for credit card debt can utilize Rule 185 procedures,
we consider whether there is legally sufficient evidence of Clifton's liability and damages. 
To do so, we determine the evidentiary effect of American Express's petition and
accompanying affidavit, which, if properly filed under Rule 185, may establish prima facie
evidence of the alleged debt. See Tex. R. Civ. P. 185.

 Rule 185 is not a rule of substantive law. Rizk v. Financial Guardian Ins. Agency,
Inc., 584 S.W.2d 860, 862 (Tex. 1979). Rather, Rule 185 is a procedural rule regarding the
evidence required to establish a prima facie right of recovery in a suit on an account. See
Tex. R. Civ. P. 185 (entitled " Suit on Account"); Rizk, 584 S.W.2d at 862; Northwest Park
Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 702 (Tex. App.-Amarillo1998, pet.
denied). Parties may bring suits under Rule 185 on certain claims for which a systematic
record has been kept. See Tex. R. Civ. P. 185; Brundrett, 970 S.W.2d at 702. The rule
applies to claims founded upon: (1) open accounts; (3)
 (2) other claims for goods, wares, and
merchandise, including claims for liquidated money demands based on written contracts or
founded on business dealings between the parties; (3) personal services rendered; (4) labor
done; or (5) labor or materials furnished. See Tex. R. Civ. P. 185; Brundrett, 970 S.W.2d
at 702.

 To establish a prima facie case in a sworn account suit, a plaintiff must strictly comply
with Rule 185. See Nguyen v. Short, How, Frels & Heitz, P.C., 108 S.W.3d 558, 562 (Tex.
App.-Dallas 2003, pet. denied); Powers v. Adams, 2 S.W.3d 496, 498 (Tex. App.-Houston
[14th Dist.] 1999, no pet.); Andrews v. East Tex. Med. Ctr.-Athens, 885 S.W.2d 264, 267
(Tex. App.-Tyler 1994, no writ). Under Rule 185, a plaintiff must show that its account is
one to which the rule applies and for which a systematic record has been kept. See Tex. R.
Civ. P. 185; Nguyen, 108 S.W.3d at 562. Further, the plaintiff must file a supporting
affidavit stating that the claim is within the affiant's knowledge, that it is "just and true," that
the account is due, and that the plaintiff has allowed "all just and lawful offsets, payments,
and credits." Tex. R. Civ. P. 185; see Nguyen, 108 S.W.3d at 562; Powers, 2 S.W.3d at 498; 
Andrews, 885 S.W.2d at 267. "If properly filed, the Plaintiff's petition and affidavit
supporting that petition become prima facie evidence of the debt." Andrews, 885 S.W.2d at
267. But, when "there is a deficiency in the plaintiff's sworn account, the account will not
constitute prima facie evidence of the debt." Nguyen, 108 S.W.3d at 562; see Enernational
Corp. v. Exploitation Eng'rs, Inc., 705 S.W.2d 749, 750 (Tex. App.-Houston [1st Dist.]
1986, writ ref'd n.r.e.).

 In this case, American Express's affidavit, when taken together with its petition, is
deficient. American Express's affidavit does not state that its claim is "just and true" or that
the claim is within the affiant's personal knowledge. See Tex. R. Civ. P. 185; Hou-Tex
Printers, Inc. v. Marbach, 862 S.W.2d 188, 190 (Tex. App.-Houston [14th Dist.] 1993, no
writ). If a party fails to attach a proper Rule 185 affidavit to its petition, then "the affidavit
[is] insufficient to establish the account as prima facie evidence of the claim." Marbach, 862
S.W.2d at 190.

 Further, American Express's petition states that Clifton "made various charges" and
owes the net principal amount of $11,839.22. The petition, however, does not show that a
systematic record was kept of the account as required by Rule 185. (4)
 Thus, we conclude that
American Express's affidavit and petition are insufficient to allow them to be prima facie
evidence of Clifton's debt. 

 American Express argues that Clifton's failure to file a sworn denial as required under
Rule 185 (5) precludes his standing to object to American Express's sworn account claim. 
Texas case law, however, is clear that when the plaintiff does not file a sufficient Rule 185
affidavit to establish its account, the defendant has no obligation to file a sworn denial. See
Enernational Corp., 705 S.W.2d at 750. In such cases, the defendant's "general denial is
sufficient to controvert the [plaintiff's] case." Id.; see Panditi, 180 S.W.3d at 927. 

 Because American Express's petition and affidavit are deficient, they do not constitute
prima facie evidence of Clifton's alleged debt. Thus, we must determine if the record
otherwise contains legally sufficient evidence entitling American Express to the default
judgment. The test for legal sufficiency is "whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review." City of Keller v. 
Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 

 In this case, Clifton filed a general denial, which was sufficient to controvert
American Express's case, but Clifton did not appear at trial. See Enernational Corp., 705
S.W.2d at 750. Thus, the judgment in favor of American Express was a post-answer default
judgment. See Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). 

 When seeking a post-answer default judgment, a plaintiff may prevail only if it offers
evidence and proves its entire case, including liability and damages. See id.; Armstrong v.
Benavides, 180 S.W.3d 359, 362 (Tex. App.-Dallas 2005, no pet.). The trial court cannot
enter judgment on the pleadings. Stoner, 578 S.W.2d at 682. A defendant who has filed an
answer with the trial court does not abandon that answer or confess any issues simply
because he fails to pursue the remainder of the trial. See id.; Mays v. Pierce, 203 S.W.3d
564, 571 n.11 (Tex. App.-Houston [14th Dist.] 2006, pet. denied). 

 The only evidence that American Express offered at trial was testimony on attorney's
fees. American Express offered no witnesses and no exhibits to prove liability or damages. 
In the absence of evidence on liability and damages, the evidence is legally insufficient to
support the trial court's judgment. See City of Keller, 168 S.W.3d at 827 (The evidence must
be sufficient to allow "reasonable and fair-minded people to reach the verdict under
review."). 

 We sustain Clifton's issues two and three as they relate to the legal insufficiency of
the evidence on liability and damages. "When a legal insufficiency point is sustained, the
reviewing court generally renders judgment in favor of the party bringing the point of error." 
Flores v. Brimex Ltd. Partnership, 5 S.W.3d 816, 821 (Tex. App.-San Antonio 1999, no pet.)
(citing Thorp v. Adair & Myers, 809 S.W.2d 306, 308 (Tex. App.-Houston [14th Dist.] 1991,
no writ)). "However, an exception is made in cases involving default judgments because the
facts have not been fully developed." Armstrong v. Benavides, 180 S.W.3d 359, 364 (Tex.
App.-Dallas 2005, no pet.) (citing Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 86
(Tex. 1992); United States Fire Ins. Co. v. Carter, 473 S.W.2d 2, 3 (Tex. 1971)). 
Furthermore, "the case can be remanded when the interests of justice require a new trial for
further development of the facts." Flores, 5 S.W.3d at 821. Here, we believe the interests
of justice are better served by remanding this case. Accordingly, we reverse the trial court's
judgment and remand this cause to the trial court for further proceedings consistent with this
opinion. 

 REVERSED AND REMANDED.

 ____________________________

 HOLLIS HORTON

 Justice



Submitted on May 3, 2007

Opinion Delivered September 6, 2007

Before Gaultney, Kreger, and Horton, JJ.
1. Prior to the the trial court's decision, American Express's attorney and the court 
had the following discussion:


 Court: What says the Defendant, Bruce Clifton? Any answer from
Bruce Clifton? No answer. What is your suggestion we do
this morning?

 Counsel: Request default judgment be entered in our favor, your Honor.

 Court: Is it a liquidated case?

 Counsel: Yes.

 Court: Do you have a judgment? 

 Counsel: No. Actually they filed answers and discovery so I expected
them to be ready for trial today so -

 Court: Request is granted. Default judgment entered in the amount of
the damages requested in the pleadings. 
2. See Tully v. Citibank (S. D.), N.A., 173 S.W.3d 212, 216 (Tex. App.-Texarkana 2005,
no pet.) (finding bank could not collect credit card debt through suit on a sworn account);
Bird v. First Deposit Nat'l Bank, 994 S.W.2d 280, 282 (Tex. App.-El Paso 1999, pet. denied)
(finding "that a credit card issued by a financial institution does not create the sort of
debtor-creditor relationship required in order to bring suit under Texas Rule of Civil
Procedure 185"); see also Landaverde v. Centurion Capital Corp., No. 14-06-00712-CV,
2007 WL 1848698, at *1 (Tex. App.-Houston [14th Dist.] June 28, 2007, no pet.) (mem.
op.). 

 In contrast, breach of contract is a recognized cause of action available to collect a
credit card debt. See Tully, 173 S.W.3d at 216-17. In this case, American Express did not
allege breach of contract. 
3. Under an "open account" transaction, a seller does not receive cash for goods sold
or services rendered but rather extends credit to the buyer. MBank El Paso Nat'l Ass'n v.
Featherlite Corp., 792 S.W.2d 472, 475 (Tex. App.-El Paso 1990, writ denied). The
resulting contractual obligation owed by the buyer to the seller is an "account receivable."
Chester v. Jones, 386 S.W.2d 544, 547 (Tex. Civ. App.-Tyler 1965), writ dism'd, 391
S.W.2d 722 (Tex.1965); see Featherlite Corp., 792 S.W.2d at 475.

 


4. Texas appellate courts have found sufficient compliance with Rule 185 when the
plaintiff's pleadings included statements or invoices. See Panditi v. Apostle,180 S.W.3d 924,
927 (Tex. App.-Dallas 2006, no pet.) (billing statements); Powers, 2 S.W.3d at 499 
(itemized monthly statements of legal services reflecting offsets, payments, and credits);
Enernational Corp., 705 S.W.2d at 750-51 (dated invoices appearing to show dates when
services were rendered). 

 While not including statements or invoices with its petition and affidavit, American
Express's appendix to its appellate brief contains copies of various records related to
Clifton's account. We, however, may not consider such records in our review of this appeal. 
See Guajardo v. Conwell, 46 S.W.3d 862, 864 (Tex. 2001); WorldPeace v. Comm'n for
Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex. App.-Houston [14th Dist.] 2005, pet.
denied) (An appellate court "cannot consider documents attached as appendices to briefs and
must consider a case based solely upon the record filed."). 

5. To overcome the prima facie evidentiary effect of a sworn account petition that
complies with Rule 185, a defendant must file "a written denial, under oath." Tex. R.
Civ. P. 185; see Nguyen v. Short, How, Frels & Heitz, P.C., 108 S.W.3d 558, 562 (Tex.
App.-Dallas 2003, pet. denied).