

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00391-CV

———————————————

ALVIN WESTLEY, Appellant

V.

J. SPENCER NILSSON AND NILSSON LEGAL GROUP, PLLC, Appellees

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-304203-18

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. Introduction

Appellant Alvin Westley sued Appellees J. Spencer Nilsson and Nilsson Legal Group, PLLC (collectively, Nilsson) over their representation of him in his divorce proceeding. The trial court granted a no-evidence summary judgment for Nilsson, and Westley appeals from that judgment. Because Westley did not respond to the summary judgment motion, the trial court did not err by granting judgment for Nilsson, and we therefore affirm.

### II. Background

In Westley's November 2018 petition, he alleged that Nilsson had failed to prevent Westley's then-wife from wasting community assets and from committing fraud on the community estate. Based on these allegations, he asserted claims for negligence, negligent misrepresentation, and breach of fiduciary duty. A few months after Westley filed his petition, his attorney filed an unopposed motion to withdraw. The trial court granted the motion, and Westley, who is incarcerated, represented himself pro se for the rest of the trial court proceedings.

In September 2019, Nilsson moved for a no-evidence summary judgment, asserting that there was no evidence to support the elements of each of Westley's claims. Westley did not file a response to the motion, a motion for leave to file an untimely response, or a motion for continuance of the summary judgment hearing.

On October 2, 2019, the trial court notified the parties that the motion would be heard the next week on October 9; the trial court had previously scheduled a hearing for that date for various motions filed by Westley. Westley appeared at the hearing by telephone. Westley did not object that he had not received twenty-one days' notice of the hearing, and he acknowledged that he had not responded to the summary judgment motion, stating that he "did not know [that he] had to file anything on that one." *See* Tex. R. Civ. P. 166a(i). At the conclusion of the hearing, the trial court signed an order granting the motion and dismissing Westley's claims.

Westley then filed a motion to set aside the summary judgment, arguing that he had not received twenty-one days' notice of the summary judgment hearing. At the hearing on the motion to set aside, Nilsson argued that Westley was required to object to the lack of notice at the summary judgment hearing and had failed to do so. After the trial court asked Nilsson's attorney for case law to support that argument, Nilsson's attorney responded, "I don't have any available, but if the [c]ourt would permit a 10-minute recess . . . perhaps I could come back with that case law." The trial court granted that request over Westley's objection, and, after the recess, Nilsson's attorney provided the court with two cases: *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 561 (Tex. App.—Dallas 2003, pet. denied), and *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ). The trial court then denied Westley's motion. Westley now appeals.

## III.  DISCUSSION

### A.  Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the elements for which no evidence exists.  *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine, material fact issue.  *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).  But if the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

### B.  Westley's Arguments

Westley's brief does not contain a statement of issues, *see* Tex. R. App. P. 38.1(f), but he challenges the summary judgment in four general categories of arguments.  We therefore construe his brief to raise a single issue challenging the summary judgment and to raise multiple arguments in support of that issue.

## 1. Nilsson was entitled to judgment after Westley failed to respond to the no-evidence motion.

Westley argues that summary judgment was improper because he sent trial exhibits to the trial court and because he sent responses to Nilsson's requests for disclosure, although he acknowledges that Nilsson did not receive the discovery responses that he had mailed because they were returned by the post office. But if Westley wished to assert that evidence before the trial court raised a fact issue sufficient to defeat the no-evidence motion, he had to timely file a response to the motion raising that issue. *See Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (op. on reh'g); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Westley does not contend that he filed a response that pointed out to the trial court the evidence that he was relying on to create a fact issue, and the trial court was not required to search the record on its own for evidence supporting Westley's claims. *See Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.—Fort Worth 2004, pet. denied).

Some evidence—Westley's divorce decree—was provided to the trial court, but that evidence was provided by Nilsson and was not provided until the hearing on the no-evidence motion. But even were the trial court to consider that evidence, *but see* Tex. R. Civ. P. 166a(c), (i), Westley did not explain to the trial court how that

5

document raised a fact issue on the challenged elements of his claims.[1] *See Imkie*, 326 S.W.3d at 343; *Shelton*, 144 S.W.3d at 120. Even on appeal, Westley does not argue how that document supports his claims. *See* Tex. R. App. P. 38.1(i). We overrule this part of Westley's issue.

### 2. Westley's complaint about the timing of the hearing does not require reversal.

Westley also argues that the judgment must be reversed because he did not receive twenty-one days' notice of the hearing on the summary judgment motion. Westley, however, did not timely raise this complaint.

Rule 166a(c) requires that both a summary judgment motion and notice of the hearing on the motion be served at least twenty-one days before the hearing date. Tex. R. Civ. P. 166a(c). But lack of sufficient notice of the hearing is a type of defect that may be waived. *Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355, at *6 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.). And any complaint about insufficient notice of the summary judgment hearing is waived when the nonmovant has notice of the hearing date before the hearing occurs and the

---

[1]Nilsson argued at the hearing that, under the decree, Westley was awarded any assets that had not been disclosed by his wife. Nilsson also noted that the decree stated that Westley had read the decree and had voluntarily signed it, that it was a just and right division of the marital estate, and that he had not signed it under coercion or duress. Although parts of the decree were read at the hearing, the decree is not in the record. As noted, Westley does not explain how this decree, or any evidence he sent to the trial court as trial exhibits, raises a fact issue about whether his wife defrauded the community estate or wasted community assets and whether Nilsson failed to protect him from his wife's actions or made misrepresentations to him.

6

nonmovant fails to complain at or before the hearing. *Caudle v. Oak Forest Apartments*, No. 02-14-00308-CV, 2015 WL 9244874, at *4 (Tex. App.—Fort Worth Dec. 17, 2015, pet. denied) (mem. op.).

Westley did not raise any complaint about insufficient notice until after the trial court had granted summary judgment. Although the notice that Westley received was inadequate under the rules, Westley had some notice, and he therefore had the ability to bring the matter to the trial court's attention and to preserve his complaint. He did not do so. Accordingly, Westley waived this complaint. *See id.*; *Rockwell v. Wells Fargo Bank, N.A.*, No. 02-12-00100-CV, 2012 WL 4936619, at *2 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.). We overrule this part of Westley's issue.

### 3. The trial court's treatment of Westley does not merit reversal.

Westley makes several arguments about what he perceives to be unfairness in the trial court's treatment of him. He contends that the trial court held him to a higher legal standard than Nilsson, and he complains that the trial court granted a recess at the hearing on the motion to set aside so that Nilsson could provide the trial court with case law but did not give him (Westley) leeway on his failure to respond to Nilsson's summary judgment motion. But the acts of granting summary judgment and allowing a short recess at a hearing do not show unfair treatment by the trial court, much less unfair treatment that resulted in an erroneous judgment. A trial court has the discretion to grant a recess, *see Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240–41 (Tex. 2001) (stating that trial courts have great discretion over the conduct of

a trial); *Cont'l Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 398 (Tex. App.—Texarkana 2003, pet. denied) ("The granting of a recess is generally considered to be within the sound discretion of the trial court."), but the trial court must grant a no-evidence summary judgment when the motion meets the requirements of Rule 166a and the nonmovant has filed no response. *See* Tex. R. Civ. P. 166a(i) ("The court *must* grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." (emphasis added)); *Eitel v. Horobec*, No. 02-12-00500-CV, 2014 WL 584780, at *3 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op.) (noting that failure to produce summary judgment evidence on challenged elements in response to no-evidence motion for summary judgment requires trial court to grant no-evidence motion). Nilsson's motion challenged specific, essential elements of Westley's claims for which he would have had the burden of proof at trial.[2] *See* Tex. R. Civ. P. 166a(i) (setting out requirements for no-evidence motion);

---

[2]As to Westley's legal-malpractice claim, the no-evidence motion asserted that there was no evidence of breach of duty, cause in fact, proximate cause, or damages and that Westley would have the burden of proof on those elements at trial. *See Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017) ("To prove a legal-malpractice claim, the client must establish that[ ] (1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client."). Regarding Westley's negligent-misrepresentation claim, the no-evidence motion asserted that there was no evidence that Nilsson supplied false information, that Nilsson had failed to exercise reasonable care in gathering and disseminating the allegedly false information, or that Westley had suffered damages due to justifiable reliance. *See Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 760 n.9 (Tex. App.—Fort Worth 2012, pet. denied) (setting out the elements of a negligent-misrepresentation claim, including that the plaintiff justifiably relied on the information supplied by the defendant in the course of the defendant's profession and

*Timpte Indus., Inc.* 286 S.W.3d at 310 (noting that a no-evidence motion must be specific in challenging the evidentiary support for a claim's element). And Westley does not argue that by the trial court's treatment of him, he was somehow prevented from filing a response to Nilsson's summary judgment motion. *See* Tex. R. App. P. 38.1.

Westley cites to cases stating that a pro se litigant is afforded extra leeway in complying with procedural rules for litigation, but the cases he provides are all federal cases governing proceedings in federal court. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In Texas, although we liberally construe parties' briefs, we hold pro se litigants to the same standard as attorneys. *Ellis v. Barineau*, No. 02-19-00252-CV, 2020 WL 2608410, at *3 & n.1 (Tex. App.—Fort Worth May 21, 2020, no pet.) (mem. op.). And here, the summary judgment did not result from the trial court's holding Westley to a higher standard than Nilsson's attorney; the judgment was the necessary result of Westley's failure to respond to the no-evidence motion.

---

that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information). As for Westley's breach-of-fiduciary-duty claim, Nilsson alleged that there was no evidence of their breach of fiduciary duty to Westley, damages, or causation. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220–21 (Tex. 2017) (stating that the elements of a breach-of-fiduciary-duty claim seeking recovery of actual damages are the existence of a fiduciary duty, breach of the duty, causation, and damages).

**4. Westley's discovery-related complaints do not show reversible error.**

Westley also complains about various matters related to discovery, but none of his complaints show reversible error.

First, Westley complains about Nilsson's failure to initially provide addresses for all of Nilsson's witnesses and statements about each witness's connection to the case.[3] Westley also asserts that he did not receive his entire client file from Nilsson. But assuming that these allegations are factually accurate, Westley did not argue to the trial court—and does not argue on appeal—that not having more witness information and his complete client file prevented him from filing a summary judgment response. *See* Tex. R. App. P. 38.1.

Westley makes other arguments about having sent discovery responses to Nilsson that were returned to him due to postal restrictions. But, again, Westley does not argue that any of these mailings to Nilsson contained a summary judgment response or that he was, through no fault of his own, prevented from filing a response

---

[3]Westley acknowledges that Nilsson filed supplemental discovery responses disclosing the addresses of all witnesses except for their expert witness. As for the expert witness, that witness is a former trial judge for whom Nilsson had only a home address, which Nilsson was reluctant to disclose for privacy reasons. At the hearing, which began by addressing Westley's motions, the trial court gave Nilsson fourteen days to obtain an address for the witness for correspondence with Westley for purposes of this case. Westley argues on appeal that Nilsson did not file a motion for a protective order regarding the address, but this complaint, like his other discovery-related complaints, does not show reversible error; he does not explain how the lack of an address prevented him from filing a response to the no-evidence motion.

with the trial court.[4]  Westley acknowledges that he filed no response to the no-evidence motion.  Consequently, we overrule the remaining part of his sole issue.

## IV. CONCLUSION

Having overruled Westley's sole issue, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  July 22, 2021

---

[4]Westley's focus on the discovery responses may be a reflection of the arguments at the summary judgment hearing.  The summary judgment part of the hearing did not begin with argument about whether the no-evidence motion complied with Rule 166a and whether Westley had filed a response to the motion.  Instead, the trial court heard Nilsson's arguments about why Westley's divorce decree defeated Westley's claims.  The trial court then asked Westley whether he had provided Nilsson with evidence to support his claims, and the parties discussed Westley's attempts at complying with Nilsson's discovery requests.  Only after that discussion did the trial court ask Westley if he had filed a response to the no-evidence motion.

11