In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00066-CV

_____

DAVID VANVELZER, Appellant

V.

AMERICAN BUILDERS & CONTRACTORS SUPPLY CO.,
d/b/a ABC SUPPLY CO., INC., Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 21-12-17466-CV

MEMORANDUM OPINION

Appellant David VanVelzer d/b/a Trinity Alpha and Omega Builders ("VanVelzer") challenges the trial court's order granting summary judgment in favor of Appellee American Builders & Contractors Supply Co., d/b/a ABC Supply Co., Inc. ("ABC Supply"). We affirm.

**Background**

In December 2021, ABC Supply filed a suit on a sworn account, breach of contract, and quantum meruit against VanVelzer. ABC Supply alleges that it

1

provided goods or services to VanVelzer and charged the amount to VanVelzer's open account with ABC Supply. According to ABC Supply, VanVelzer failed to pay on his account, and at the time of filing suit, VanVelzer owed $8,151.80. Included with the Original Petition was an account statement, invoices, a Commercial/Residential Account Application completed and signed by VanVelzer, and an affidavit executed by an employee/owner of ABC Supply swearing to the records, invoices, and total owed.

In February 2022, VanVelzer filed a Motion for Enlargement of Time requesting a thirty-day extension to answer the Original Petition, and in April 2022, ABC Supply filed a Motion for Default Judgment based on VanVelzer's failure to file the answer.

In response, VanVelzer filed a second Motion for Enlargement of Time requesting a thirty-day extension to answer the Original Petition. In May 2022, VanVelzer filed an Answer and Counterclaim that stated that the Commercial/Residential Account Application submitted by ABC Supply was forged. Additionally, VanVelzer brought counterclaims of fraud and violations of section 4.401 of the Texas Business and Commerce Code, common law duty of Good Faith and Fair Dealing, Deceptive Trade Practices Act ("DTPA"), and the Texas Fair Debt Collection Practices Act against ABC Supply.

In January 2023, ABC Supply filed its Traditional and No Evidence Motion for Summary Judgment. In the Motion, ABC Supply argued that it is entitled to a

summary judgment ruling as a matter of law because VanVelzer failed to file a verified denial as required by Texas Rule of Civil Procedure 185. ABC Supply then argued that it was entitled to summary judgment as a matter of law as to its claims for breach of contract and quantum meruit because it has established that there are no genuine issues of material fact regarding VanVelzer's liability. In addition to the $8,151.80 owed for the goods and services, ABC Supply requested attorneys' fees through the summary judgment phase in the amount of $6,180.32 and appellate attorneys' fees.

In the no-evidence portion of the Motion for Summary Judgment, ABC Supply argued that VanVelzer has failed to provide evidence to support his counterclaims for fraud, and violations of section 4.401 of the Texas Business and Commerce Code, common law duty of Good Faith and Fair Dealing, Deceptive Trade Practices Act ("DTPA"), and the Texas Fair Debt Collection Practices Act. ABC Supply attached an account statement, invoices, an affidavit executed by an employee/owner of ABC Supply swearing to the records, invoices, and total owed, an affidavit regarding the attorneys' fees incurred, and attorney billing records.

VanVelzer filed a Motion to Strike ABC Supply's Traditional and No-Evidence Motion for Summary Judgment and Motion to Compel. VanVelzer argued that ABC Supply has not provided all documents in his discovery requests and has only provided the same documents that were previously produced. Included with his Motion to Strike, VanVelzer attached his discovery requests, and the documents

provided by ABC Supply which were an affidavit executed by an employee/owner of ABC Supply swearing to the records, invoices, and total owed, an account statement, invoices, a Commercial/Residential Account Application completed and signed by VanVelzer, and ABC Supply Warehouse Picking Tickets.

The trial court signed an order Granting Final Summary Judgment Against David VanVelzer d/b/a Trinity Alpha and Omega Builders that granted actual damages in the principal amount of $8,151.80, post-judgment interest of 6.25% or the highest lawful rate, reasonable attorneys' fees in the amount of $6,180.32, $5,000.00 for costs of post-judgment collection efforts, if necessary, and appellate attorneys' fees, and ABC Supply's court costs.[1] Later, the trial court denied VanVelzer's Motion to Strike and Motion to Compel.[2] This appeal followed.

---

[1]VanVelzer does not assign error to the award of post-judgment collection efforts and appellate attorneys' fees. "A court of appeals may not reverse a trial court judgment on a ground not raised." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) (citation omitted). Therefore, we do not address unassigned error. *See id.*; *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (prohibiting appellate court from reversing a trial court's judgment absent properly assigned error); *McGhee v. Novoterra Chase, LLC*, No. 09-22-00167-CV, 2024 WL 2758702, at *21 (Tex. App.—Beaumont May 30, 2024, pet. denied) (mem. op.).

[2]Following the denial of his Motion to Strike and Motion to Compel, VanVelzer filed multiple motions to recuse. Since no appellate issue was raised concerning same, the motions to recuse are likewise not addressed in this opinion. *See Pike*, 610 S.W.3d at 782; *Wilson*, 971 S.W.2d at 450; *McGhee*, 2024 WL 2758702, at *21.

## Standard of Review

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). With a traditional motion for summary judgment, the movant has the burden to show no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018); *see also* Tex. R. Civ. P. 166a(b), (c). "An issue is conclusively established 'if reasonable minds could not differ about the conclusion to be drawn from the facts in the record.'" *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017) (quoting *Childs v. Haussecker*, 974 S.W.3d 31, 44 (Tex. 1998)). If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan*, 555 S.W.3d at 84. When the trial court fails to specify the grounds on which it granted summary judgment, we must affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000) (citation omitted).

Regarding the no-evidence motion for summary judgment, a party may file a no-evidence motion for summary judgment under Rule 166a(i) identifying at least one element of a claim or defense upon which the other party has the burden of proof

and of which there is no evidence after there has been adequate time for discovery. *Boergan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014); Tex. R. Civ. P. 166a(i). If the nonmovant does not file a timely response to the no-evidence motion for summary judgment, the trial court must grant the motion provided it meets the requirements of Rule 166a(i). *See* Tex. R. Civ. P. 166a(i) (stating that the trial court must grant a no-evidence motion for summary judgment "unless the respondent produces summary judgment evidence raising a genuine issue of material fact[]"); *Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72 (Tex. 2023). "A genuine issue of material fact exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "The evidence does not create an issue of material fact if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *See id.* (citing *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)). Where, as here, the trial court's judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## Analysis

In one issue, VanVelzer challenges the summary judgment in favor of ABC Supply and argues that ABC Supply did not present sufficient evidence that

6

VanVelzer made the purchases that are charged to the account made the basis of this dispute.

Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). Even so, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See id.* at 880–81; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

ABC Supply filed its motion for summary judgment twenty-five months after filing its Original Petition. ABC Supply moved for traditional summary judgment as a matter of law on its suit on sworn account due to VanVelzer's failure to file a verified denial as required by Rule 185. *See* Tex. R. Civ. P. 185. ABC Supply also moved for summary judgment on its claims of breach of contract and quantum meruit. In that same motion, ABC Supply moved for no-evidence motion for summary judgment as to VanVelzer's counterclaims for fraud, violations of section 4.401 of the Texas Business and Commerce Code, violations of common law duty of good faith and fair dealing, violations of the DTPA, and violations of the Texas Fair Debt Collection Practices Act.

VanVelzer did not file a response to ABC Supply's motion for summary judgment and did not present any evidence to the trial court. Instead, VanVelzer filed

a combined Motion to Strike and Motion to Compel and argued that ABC Supply had not provided all documents in his discovery requests.

The suit against VanVelzer was for goods and products that he received from ABC Supply and was filed as a sworn account. To establish sufficient evidence to support a prima facie case in a suit on a sworn account, as well as summary disposition of the case, the movant must strictly adhere to the provisions outlined in the Texas Rules of Civil Procedure. Rule 185, which sets forth the criteria for a suit on account, defines an open account to include "any claim…for goods, wares and merchandise." Tex. R. Civ. P. 185. Under this rule, a plaintiff's petition on sworn account must contain a systematic, itemized record, reveal offsets made to the account, and be support by an affidavit stating that the claim is within the affiant's knowledge and that it is "just and true." *Andrews v. E. Tex. Med. Ctr.-Athens*, 885 S.W.2d 264, 267 (Tex. App.—Tyler 1994, no writ); *see also* Tex. R. Civ. P. 185. If there is a deficiency in the plaintiff's sworn account, the account will not constitute prima facie evidence of the debt. *See Enernational Corp. v. Exploitation Eng'rs, Inc.*, 705 S.W.2d 749, 750 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *see also Clifton v. Am. Express Centurion Bank*, No. 09-06-283-CV 2007 WL 2493517, at *2 (Tex. App.—Beaumont Sept. 6, 2007, no pet.) (mem. op.) (citations omitted).

When a defendant fails to file a verified denial to a sworn account, the sworn account is received as prima facie evidence of the debt and the plaintiff as summary

8

judgment movant is entitled to summary judgment on the pleadings. *See Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex. 1985) (concluding that defendant who failed to file a sworn denial "waived his right to dispute the amount and ownership of the account"); *Andrews*, 885 S.W.2d at 267 (concluding that a defendant who does not properly file a written denial under oath will not be permitted to dispute receipt of services or correctness of charges of account); *Tex. Dep't of Corr. v. Sisters of St. Francis of St. Jude Hosp.*, 753 S.W.2d 523, 524 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Enernational*, 705 S.W.2d at 750; *see also* Tex. R. Civ. P. 93(10) (requiring verified denial of an account which is the foundation of the plaintiff's action, and supported by an affidavit).

Here, ABC Supply included with its original petition an affidavit of an ABC Supply employee swearing to the accuracy of the records regarding the account and debt of VanVelzer, an account statement, and individual invoices and warehouse slips for VanVelzer. ABC Supply complied with Rule 185 in filing the suit with the required accompanying documents, and VanVelzer did not file a verified denial to place any of the facts in dispute. Further, VanVelzer did not file a response to the motion for summary judgment. Under these circumstances, the trial court did not err in granting the summary judgment in favor of ABC Supply as to its claims against VanVelzer.

Next, we will consider the no-evidence motion for summary judgment as to VanVelzer's counterclaims. A response to a no-evidence motion for summary

judgment, including any evidence opposing the motion, is due seven days before the summary judgment hearting. Tex. R. Civ. P. 166a(c). Rule 166a(c) provides that a response must be timely filed "[e]xcept on leave of court." *Id.* A respondent need not "marshal its proof" as for trial and need only "point out" evidence that raises a fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a(i) cmt.; *Saenz v. S. Union Gas Co.*, 999 S.W.2d 490, 493–94 (Tex. App.—El Paso 1999, pet. denied). If the respondent does not produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged element or elements, the trial court "must" grant the motion. Tex. R. Civ. P. 166a(i); *Saenz*, 999 S.W.2d at 494.

In this case, VanVelzer never filed a response to ABC Supply's No-Evidence Motion for Summary Judgment and did not present any evidence to the trial court. *See* Tex. R. Civ. P. 166a(i). Instead, VanVelzer filed a combined Motion to Strike and Motion to Compel and argued that ABC Supply had not provided all documents in his discovery requests. VanVelzer's Motion to Strike and Motion to Compel make no mention of his failure to file a timely response to ABC Supply's Summary Judgment motion and evidence. To the extent VanVelzer's Motion to Strike and Motion to Compel could be interpreted as a Motion for Continuance for additional time to conduct discovery, VanVelzer failed to comply with Rule 251 of the Texas Rules of Civil Procedure by providing a supporting affidavit explaining the need for further discovery or a verified motion. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate

10

opportunity for discovery before a summary judgment hearing, it must file an affidavit explaining the need for further discovery or a verified motion for continuance."). Therefore, the trial court did not err in granting the summary judgment in favor of ABC Supply as to VanVelzer's counterclaims.

Accordingly, we overrule VanVelzer's arguments complaining that the trial court erred in granting ABC Supply's summary judgments.

## Conclusion

Having considered and overruled VanVelzer's issue, we conclude the trial court properly granted ABC Supply's Traditional and No-Evidence Motions for Summary Judgment. Accordingly, we affirm the trial court's order granting ABC Supply's Traditional and No-Evidence Motions for Summary Judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on November 21, 2024
Opinion Delivered February 20, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

11